# 98 DTA 153

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE SAN JUAN**

SUCN. DE JOSE ANTONIO LICEAGA Y
SUCN. DE HORTENSIA VALDEJULLI ETC.
Demandantes-Apelados

v.

VICTOR FONTANE FORTUÑO POR SI Y\O EN REPRESENTAción DE LA SOCIEDAD LEGAL
DE GANANCIALES CONSTITUIDA CON FULANA DE TAL, PRIMITIVA RUIZ
Demandados-Apelantes

Núm. KLAN-97-01197

San Juan, Puerto Rico, a 10 de marzo de 1998

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano
y los Jueces Giménez Muñoz y Miranda De Hostos.

Alfonso de Cumpiano, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El Sr. Víctor Fontane Fortuño solicita la revocación de la sentencia dictada por el Tribunal de Primera Instancia que declaró con lugar la demanda de desahucio presentada por la Sucesión de José Liceaga, *et als,* y ordenó el consiguiente desahucio.

En síntesis, plantea el señor Fontane que la propiedad que él arrendó y que es objeto del litigio está sujeta a la Ley de Alquileres Razonables, por no producir efecto jurídico las órdenes de fijación de alquiler emitidas por el Departamento de Asuntos del Consumidor (D.A.C.O). que sirven de

fundamento a la sentencia apelada. La esencia del error planteado consiste en violaciones al debido proceso de ley por alegadamente ser inválidas las órdenes de D.A.C.O. mediante las cuales se aumentó el canon de arrendamiento. Alega que no fue notificado del procedimiento conducente a su emisión.

Por las consideraciones que se exponen a continuación se revoca la sentencia apelada.

## I

El 3 de enero de 1997 la Sucesión Liceaga presentó demanda en la que solicitó el desahucio del arrendatario, señor Fontane, bajo la causal de terminación del contrato verbal de arrendamiento de un local comercial entre éste y los fallecidos Sr. José Antonio Liceaga y Sra. Hortensia Valdejulli en 1953.

El señor Fontane presentó desestimación de la demanda en mociones de 3 de mayo y 15 de julio de 1997, apoyadas en la Ley de Alquileres Razonables. El 7 de agosto de 1997 la Sucesión presentó escrito informando al tribunal, por primera vez, que la Ley de Alquileres Razonables, Ley Núm. 464 de 25 de abril de 1946, según enmendada, no era aplicable a la controversia debido a que, en virtud de unas órdenes de fijación de alquiler máximo emitidas por D.A.C.O. el 23 de junio de 1997, el alquiler mensual de la propiedad sobrepasaba los doscientos dólares ($200.00). Ante esa información, mediante escrito de réplica, el 13 de agosto de 1997, el señor Fontane expuso que las referidas órdenes eran nulas por haberse logrado sin su conocimiento. Además negó que el arrendamiento del local comercial incluyera un área denominada *"mirador"* en lo cual se basó el cómputo de la parte apelada para lograr que el alquiler sobrepasara los doscientos dólares ($200.00).

El tribunal, citando la Ley de Alquileres Razonables en la parte que excluye de sus disposiciones los locales comerciales cuyo canon de arrendamiento sea de doscientos dólares ($200.00) o más, declaró sin lugar la moción de desestimación y señaló vista para el 17 de septiembre de 1997. No obstante, el 3 de septiembre de 1997 se les notificó a las partes una orden que señalaba la conferencia con antelación al juicio para el 28 de octubre de 1997. Ante solicitud de aclaración de señalamiento, el 15 de septiembre de 1997 el tribunal aclaró que la vista en su fondo sería el 17 de septiembre de 1997. Ese día se celebró la vista a la cual sólo compareció la Sucesión Liceaga. El 19 de septiembre, el señor Fontane presentó moción aclaratoria explicando que tardíamente, el 18 de septiembre, recibió la notificación de la orden aclaratoria del señalamiento, razón de su incomparecencia.

En sentencia de 2 de octubre de 1997 el tribunal ordenó el desahucio del señor Fontane. Concluyó que la propiedad objeto del proceso se encontraba fuera del control de la Ley de Alquileres Razonables, conforme el canon fijado por D.A.C.O. El apelante replantea ante nos que las órdenes de D.A.C.O. son inválidas. El apelado refuta esa contención bajo la alegación que el señor Fontane no recurrió en reconsideración y en revisión de las órdenes en cuestión antes de expirado el término dispuesto por la Ley de Procedimiento Administrativo Uniforme (L.P.A.U), 3 L.P.R.A. sec. 2164.

Nos corresponde decidir si erró el tribunal al aplicar las órdenes de D.A.C.O. en este proceso y no tomar en consideración los planteamientos del señor Fontane sobre su invalidez. Examinamos también si debió celebrarse la vista en su fondo sin la presencia del señor Fontane, aun cuando hubo confusión respecto a la fecha de su señalamiento.

## II

Conforme el artículo 12 de la Ley de Alquileres Razonables, Ley Núm. 464, *supra*, los arrendamientos, escritos u orales, sujetos a dicha ley se prorrogarán obligatoriamente una vez llegado el día de su vencimiento. 17 L.P.R.A. sec. 192.

La Ley Núm. 464 ha de ser considerada a la luz de la Ley Núm. 57 de 25 de junio de 1995, 17 L.P.R.A. nota a sec. 181 (Sup. 1997) que dispone la derogación escalonada de la Ley de Alquileres Razonables. En su parte pertinente, el artículo 3 de la Ley Núm. 57 indica que transcurridos dos (2) años de su aprobación cesará la aplicación de la Ley de Alquileres Razonables a todo alquiler de local comercial cuyo canon mensual exceda los doscientos dólares ($200.00). Conforme su artículo 4, transcurridos tres (3) años desde la aprobación de la Ley Núm. 57, quedará derogada la Ley de Alquileres Razonables. Ese plazo aún no ha transcurrido, por lo que a este caso aplican las

disposiciones correspondientes de la referida ley.

El mecanismo para establecer el canon de las propiedades queda dispuesto en el artículo 6 de la Ley de Alquileres Razonables que dispone que el Secretario de D.A.C.O. no deberá dictar resolución alguna respecto a una solicitud de aumento o rebaja de alquiler sin antes notificar a las partes sobre la probable acción a tomarse para que tengan oportunidad de ser oídas. 17 L.P.R.A. sec. 186(k).

Esa disposición tiene su base en las garantías constitucionales que requieren debida notificación y oportunidad de ser oído a la persona sujeta a una decisión que le pueda afectar en su propiedad, en este caso, el monto del canon. Ese principio forma parte del procedimiento administrativo bajo el cual se requiere que las agencias administrativas brinden en los procedimientos adjudicativos, notificación y oportunidad de ser oído. Sección 3.1 de la L.P.A.U., 3 L.P.R.A. sec. 2151.

En el caso de autos las órdenes de aumento del alquiler de la propiedad fueron emitidas por D.A.C.O. el 23 de junio y fueron efectivas el 23 de julio de 1997, con posterioridad a la presentación de la demanda de desahucio que lo fue el 3 de enero de 1997. Esto es, dichas órdenes fueron concedidas mientras se dilucidaba el proceso de desahucio, después de instada la demanda y sin que se diera notificación al inquilino, ni al tribunal, del proceso administrativo de aumento del canon. Sin esas órdenes, la propiedad objeto del desahucio caía fuera de la Ley de Alquileres Razonables por ser su canon menor de doscientos dólares ($200.00) y, por ende, el contrato era prorrogable.

De la faz de las órdenes surge que el espacio destinado al nombre y dirección del inquilino está en blanco, en la otra aparece como *"vacante"*, y no consta notificación al inquilino. Exhibits 11A y 11B del apéndice del recurso, pág. 20. Además, aparece que se unió el local comercial y un *"mirador"* para efectos de la renta mayor a la vigente al momento de la demanda sin que el inquilino tuviera oportunidad de ser oído. Así, pues, había base en el récord para considerar que medió violación de lo dispuesto en ley al obtener las órdenes de D.A.C.O.

El planteamiento de la Sucesión Liceaga a los efectos de que el señor Fontane está impedido de acudir al foro judicial por no haber solicitado reconsideración administrativa y luego revisión judicial es inmeritorio. En primer lugar, aparte de que la reconsideración ante el organismo administrativo ya no es jurisdiccional, si el señor Fontane no fue notificado de las órdenes, hecho no contradicho por la apelada, el término de revisión judicial no comienza a transcurrir hasta tanto sean notificados los peticionarios con las advertencias de los recursos disponibles y los términos para ejercerlos. Sección 3.14 de la L.P.A.U., 3 L.P.R.A. sec. 2164; *Asociación de Residentes v. Montebello Dev. Corp.*, 138 D.P.R. __ (1995), **95 J.T.S. 54,** pág. 861. Además, sabido es que el agotamiento de remedios administrativos tiene sus excepciones cuando median violaciones sustanciales de derechos constitucionales, cuando el procedimiento administrativo es inútil, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios. Sección 4.3 de la L.P.A.U., 3 L.P.R.A. sec. 2173. Ciertamente, la obtención de una orden de aumento de canon luego de instada y durante la acción judicial, sin notificación al inquilino y cuando en virtud de dichas órdenes colocaba la propiedad arrendada fuera de las disposiciones de la Ley de Alquileres Razonable, ameritaba que el tribunal pasara juicio sobre los plantamientos del señor Fontane.

El apelante no tuvo oportunidad de ser oído en el trámite administrativo mediante el cual se aumentó el canon de la propiedad alquilada, ni en el proceso judicial de desahucio, por la confusión en los señalamientos de la vista y la notificación tardía de ésta. Procede se le brinde esa oportunidad, bajo las garantías del debido proceso de ley.

## III

Por los fundamentos anteriormente expuestos se revoca la sentencia apelada y se devuelve el caso al Tribunal de Primera Instancia para procedimientos ulteriores consistentes con lo aquí resuelto.

Lo ordenó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General